**STATE of Minnesota, Respondent,**

v.

**Norman J. NORTON, a.k.a. Jon M. McCormick, Appellant.**

**No. C3-84-1099.**

Court of Appeals of Minnesota.

Jan. 29, 1985.

Hubert H. Humphrey, III, Atty. Gen. of Minnesota, St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., RANDALL and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

## FACTS

Appellant Norton was charged with two counts of criminal sexual conduct in the

first degree, kidnapping, and assault in the second degree. On December 26, 1983, appellant met Pamela Domke, appellant's ex-girlfriend, outside a restaurant in Buffalo, in Wright County. He forced her in her car at knifepoint. Following a struggle in which Domke sustained a bruised head and arm, he drove her to his motel room in Long Lake, located in Hennepin County. On route, appellant held the knife against her and choked and hit her in the face. At the motel, Domke complied with appellant's demands for sexual intercourse because she was afraid appellant would hurt her again or use his knife. The jury convicted appellant of criminal sexual conduct in the third degree, kidnapping, and assault in the second degree.

## DECISION

■ 1. Appellant argues his assault conviction must be vacated because that offense occurred in Wright County and Hennepin County lacked jurisdiction. He also claims the evidence was insufficient to establish the offense occurred in Hennepin County. We disagree. Venue properly lies in "the county where the offense was committed." Minn.R.Crim.P. 24.01. " 'County where the offense was committed' means any county where any element of the offense was committed * * *." Minn.Stat. § 627.01, subd. 2 (1982). This offense began in Wright County and continued in Hennepin County.

> When any offense is committed within the state on a public or private conveyance, and it is doubtful in which county the offense occurred, the case may be prosecuted and tried in any county through which the conveyance traveled in the course of the trip during which the offense was committed, or in the county where such trip began or terminated.

Minn.R.Crim.P. 24.02, subd. 1. The jury was given proper instructions on venue. At least one element of second degree assault occurred in Hennepin County. The jury's verdict is proper.

■ 2. Appellant claims the evidence was insufficient to sustain the jury verdict.

Appellant primarily attacks the credibility of the complainant. However, credibility of witnesses is for the jury. The jury could reasonably have found appellant guilty based on the testimony of the complainant and corroborating witnesses, including those who testified to Domke's emotional state immediately after the incident and her prompt reporting of the event to police. *See State v. Jensen*, 322 N.W.2d 219, 219 (Minn.1982).

Affirmed.